Heedong Chae (SBN: 263237)
Email: hdchae@ewpat.com
Chong Roh (SBN: 242437)
Email: croh@ewpat.com
**East West Law Group PC**
3600 Wilshire Blvd., STE. 2228
Los Angeles, CA 90010
Phone: 213-387-3630
Fax: 213-387-3636

*Attorneys for Plaintiff,*
*Hyowon Electronics, Inc.*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HYOWON ELECTRONICS, INC., a Korean corporation, <br><br> Plaintiff, <br><br> v. <br><br> EROM, INC., a California corporation; EROM CO., LTD., a Korean corporation; DOES 1 though 10, inclusive, <br><br> Defendants. | CASE No.: <br><br> **PLAINTIFF'S COMPLAINT FOR:** <br><br> **1. COPYRIGHT INFRINGEMENT;** <br> **2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT; AND** <br> **3. UNFAIR COMPETITON** <br><br> **JURY TRIAL DEMANDED** |

HYOWON ELECTRONICS, INC. (hereinafter "HYOWON" or "Plaintiff"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. §§ 101, *et*

*seq.*).

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over all the Defendants by virtue of their transacting, doing, and soliciting business in this District, and because a substantial part of the relevant events occurred in this District and because a substantial part of the property that is the subject of this action is situated here.

## PARTIES

4. Plaintiff, Hyowon Electronics, Inc. ("Hyowon"), is a corporation organized and existing under the laws of Republic of Korea, with its principal place of business at Sosa-gu Songnae-dong 327-5 3F, Bucheon, Gyunggi-Do, Republic of Korea.

5. Plaintiff is informed and believes, and thereon alleges, that defendant, Erom, Inc. ("Erom") is a California corporation, with principal place of business at 14630 Industry Cir. La Mirada, CA 90638.

6. Plaintiff is informed and believes, and thereon alleges, that defendant Erom Co., Ltd. ("Erom Korea") is a corporation organized and existing under the laws of Republic of Korea, with principal place of business at (463-400) 7th Fl., 2-Dong, 625, Sampyeong-Dong, Bundang-Gu, Seongnam-Si, Gyeonggi-Do, Republic Of Korea. Upon information and belief, Erom Korea is a parent company of Erom.

7. Plaintiff is unaware of the true names and capacities, whether individual, corporate, or otherwise, of the Defendants named herein as Does 1 through 10, inclusive, but is informed and believes, and thereon alleges, that each of the fictitiously named defendants engaged in, or is in some manner responsible for, the wrongful conduct alleged herein. Plaintiff therefore sues these defendants by such fictitious names and will amend this complaint to state their true names and capacities when such names have been discovered.

## FACTS COMMON TO ALL CLAIMS

8.  This is an action for copyright infringement, as well as contributory and vicarious copyright infringement, and related state law claims arising from the conduct of Defendants.

9.  Hyowon is a leading innovator, manufacturer and seller of electric blankets and electric mattress pads. Hyowon has invested significant effort and resources toward the development of high-end electric blankets and electric mattress pads.

10. Hyowon developed a year-round electric blanket that significantly reduces the users' exposure to electromagnetic waves under the name, Woolmat.

11. Hyowon's Woolmat products are widely recognized for their high quality of manufacture and use of high quality materials.

12. In 2006, Hyowon obtained a patent in the Korean Intellectual Property Office entitled "Connector for Non-Electromagnetic Waves Thermal Line" (Korean Patent Registration No. 10-0505949).

13. Hyowon's Woolmat product obtained certification from the Korea Electric Testing Institute (Certification Number EMF-2009-181) that it meets the requirements for electromagnetic field certification.

14. Hyowon's Woolmat obtained a Certificate of Quality Assurance (Q-Mark) from the Korea Testing Certification (KTC), number G66-2011-011.

15. Hyowon is certified by the International Organization for Standardization (ISO) under ISO9001.

16. As a result of the recognition and reputation of Hyowon and Hyowon's Woolmat product and the quality, desirability, and recognition of Hyowon's Woolmat product, Hyowon has achieved an outstanding reputation in the marketplace and among consumers. Hyowon's Woolmat products have come to symbolize the reputation and goodwill of Hyowon.

17. In 2009, Hyowon entered into an original equipment manufacturing

(OEM) agreement with Defendant Erom Korea to manufacture Hyowon's Woolmat products for exporting to the United States to Erom under the trade name "Wool & Comfy."

18. Hyowon provided it's Woolmat products to Erom and Erom Korea in a condition ready for sale complete with all product manuals and packaging.

19. Hyowon created the product packaging and product manuals, using images and product literature that originated from Hyowon along with the Woolmat product for Defendants.

20. Hyowon applied for and received a United States copyright registration VA 1-877-366 for "WOOLMAT PRODUCT PHOTOS".

21. Beginning in 2011, Defendants stopped purchasing Hyowon's Woolmat product. On information and belief, Defendants continued to sell blankets and mattress pads under the Wool & Comfy name that were not manufactured by Hyowon. These products were inferior in quality but Defendants continued to use Hyowon's Images, product literature, and computer program without Hyowon's permision and Hyowon's certifications on products that were exclusive to Hyowon.

22. On information and belief, Defendants, and each of them, purchased, sold, manufactured, caused to be manufactured, imported, and/or distributed blankets and mattress pads featuring photos and images that are, at the very least, substantially similar, if not identical, to Hyowon's "WOOLMAT PRODUCT PHOTOS" copyright. Defendants' unauthorized use and unlawful use of Hyowon's copyrighted images depicts products that are not Defendants' products. A comparison of Hyowon's image and exemplars of Defendants' infringing images are set forth in Exhibit A.

23. The substantial similarity between Hyowon's "WOOLMAT PRODUCT PHOTOS" copyright and those of the images and photos of Defendants, and each of them, is too striking to be the result of anything other than unlawful copying.

24. On information and belief, Defendants, and each of them, purchased,

sold, manufactured, caused to be manufactured, imported, and/or distributed blankets and mattress pads claiming Hyowon's Korean patent, Korean Patent Registration No. 10-0505949, a sample of which is attached hereto as Exhibit B and incorporated by reference.

25.     On information and belief, Defendants, and each of them, purchased, sold, manufactured, caused to be manufactured, imported, and/or distributed blankets and mattress pads claiming Hyowon's EMF certification, a sample of which is attached hereto as Exhibit B and incorporated by reference.

26.     On information and belief, Defendants, and each of them, purchased, sold, manufactured, caused to be manufactured, imported, and/or distributed blankets and mattress pads claiming Hyowon's ISO9001 certification, a sample of which is attached hereto as Exhibit B and incorporated by reference.

27.     The blankets sold by Erom and Erom Korea did not originate from Hyowon and are inferior in quality to Hyowon's Woolmat, while claiming Hyowon's numerous certifications and licenses.

28.     Without authorization or license from Hyowon, Defendants, and each of them, have copied and reproduced for sale or offer for sale, and are marketing, promoting, displaying and distributing blankets and mattress pads that are not from Hyowon, but displaying Hyowon's copyrights.

29.     On information and belief, the conduct of defendants, and each of them, has been willful, with knowledge of Hyowon's rights and/or in reckless disregard of them, and Defendants, and each of them are unlawfully profiting from the unauthorized reproduction of the copyrighted Hyowon images, as well as unauthorized claiming of Hyowon's certifications and licenses.

### FIRST CLAIM FOR RELIEF

**(Copyright Infringement, 17 U.S.C. §§ 501, *et seq.*)**

30.     Hyowon incorporates herein by reference all the allegations of paragraphs 1 through 29, inclusive.

31. Hyowon is the owner of Hyowon Images and the copyrights embodied therein.

32. Defendants, and each of them, are not authorized by Hyowon to reproduce, display, offer for sale or sell copies of Hyowon Images.

33. Hyowon has developed a reputation and valuable goodwill in the unique and original appearance of Hyowon Images and Hyowon Products.

34. As a result of Defendants', and each of their willful and infringing conduct, Hyowon has suffered damages in an amount not yet known but to be proven at a trial of this action.

35. Hyowon will continue to be damaged by Defendants, and each of their unauthorized conduct unless they are enjoined by this Court from any further manufacture, display, promotion, distribution, offer for sale or sale of the Infringing Products.

36. Hyowon is informed and believes, and on that basis alleges, that Defendants, and each of them, have realized profit by virtue of their infringement of Hyowon's copyrights.

37. Hyowon has sustained economic damage as a result of Defendants, and each of their, infringement of Hyowon's copyrights in an amount to be proven at trial.

38. Hyowon is entitled to recover the actual damages it has suffered and/or any profits gained by Defendants, and each of them, that are attributable to their acts of copyright infringement pursuant to 17 U.S.C. § 504(b). Alternatively, Hyowon is entitled to the maximum statutory damages allowed under 17 U.S.C. § 504(c) based on Defendants', and each of their, willful acts of copyright infringement. Hyowon will make its election at the appropriate time before final judgment is rendered.

39. Hyowon is also entitled to recover its full costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505.

40. Hyowon is also entitled to an injunction pursuant to 17 U.S.C. § 502

against continuing reproduction, distribution, and/or display of Hyowon's copyrighted works by Defendants, and each of them.

## SECOND CLAIM FOR RELIEF
### (Contributory Copyright Infringement)

41. Hyowon incorporates herein by reference all the allegations of paragraphs 1 through 40, inclusive.

42. At all times relevant herein, Defendants, and each of them, induced, encouraged, assisted, facilitated and profited from the illegal reproduction and/or subsequent sales of product featuring Hyowon's Images as alleged herein.

43. Through their conduct as set forth herein, Defendants have engaged and continued to engage in the business of knowingly inducing, causing, and materially contributing to the above-described unauthorized reproductions and/or distributions of Hyowon's copyrighted material, thus contributing to the infringement of Hyowon's copyrights and exclusive rights under the Copyright Act.

44. The forgoing acts by Defendants have been willful, intentional, and purposeful, in disregard of and indifference to the rights of Hyowon.

45. Defendants' conduct, as set forth herein, constitutes contributory infringement of Hyowon's copyrights and exclusive rights under the Copyright Act in violation of 17 U.S.C. §§ 106, 115, and 501.

46. As a direct and proximate result of the contributory infringements by Defendants of Hyowon's copyrights and exclusive rights under the Copyright Act, Hyowon is entitled to damages and Defendants' profits pursuant to 17 U.S.C. § 504(b) for each infringement. Alternatively, Hyowon is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c) based on Defendants willful acts of copyright infringement. Hyowon will make its election at the appropriate time before final judgment is rendered.

47. Hyowon is also entitled to recover its full costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505.

/

48. Hyowon is also entitled to an injunction pursuant to 17 U.S.C. § 502 against continuing reproduction, distribution, and/or display of Hyowon's copyrighted works by Defendants.

### THIRD CLAIM FOR RELIEF

### (Vicarious Copyright Infringement)

49. Hyowon incorporates herein by reference all the allegations of paragraphs 1 through 48, inclusive.

50. At all times relevant herein, Defendants exercised control over the fabric and/or garments which directly infringed upon Hyowon's copyrighted works, and Defendants derived financial benefit from such fabric and/or garments.

51. The foregoing acts of infringement by Defendants have been willful, intentional, and purposeful, in disregard of and indifference to the rights of Hyowon.

52. Defendants' conduct, as set forth herein, constitutes vicarious infringement of Hyowon's copyrights and exclusive rights under the Copyright Act in violation of 17 U.S.C. §§ 106, 115, and 501.

53. As a direct and proximate result of the vicarious infringements by Defendants of Hyowon's copyrights and exclusive rights under the Copyright Act, Hyowon is entitled to damages and Defendants' profits pursuant to 17 U.S.C. § 504(b) for each infringement. Alternatively, Hyowon is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c) based on Defendants' willful acts of copyright infringement. Hyowon will make its election at the appropriate time before final judgment is rendered.

54. Hyowon is also entitled to recover its full costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505.

55. Hyowon is also entitled to an injunction pursuant to 17 U.S.C. § 502 against continuing reproduction, distribution, and/or display of Hyowon's copyrighted works by Defendants.

## FOURTH CLAIM FOR RELIEF

### (State Unfair Competition)

56. Hyowon incorporates herein by reference all the allegations of paragraphs 1 through 55, inclusive.

57. Defendants business practices as alleged herein constitute unfair competition and unfair business practices and acts in violation of California Business & Professions Code §§ 17200, *et seq.*

58. Pursuant to California Business & Professions Code § 17203, Hyowon is entitled to enjoin these practices. Without injunctive relief, Hyowon has no means by which to control Defendants' unlawful copying and distribution of Hyowon's copyrighted works and improper display of Hyowon's patents, licenses and certifications. Hyowon is therefore entitled to injunctive relief prohibiting Defendants from continuing such acts of unfair competition.

59. Defendants' practices as alleged herein also constitute unfair competition and unfair business practices under state common law. As a direct and proximate result of Defendants' infringing conduct, Hyowon has suffered and will continue to suffer lost sales and profits in an amount not yet fully ascertained in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, in consideration of the foregoing, Hyowon prays for judgment as follows:

1. A declaration that Defendants' unauthorized conduct violates Hyowon's rights under common law and the Copyright Act;

2. Immediately and permanently enjoining Defendants, their officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them from copying and reproducing or republishing any of Hyowon's copyrighted works without consent, and from otherwise infringing Hyowon's copyrights or other rights

9

in any manner;

3. An order for Defendants to account to Hyowon for all gains, profits, and advantages derived by Defendants by their infringements of Hyowon's copyrights or such damages as are proper, and since Defendants intentionally infringed plaintiffs' copyrights, and for award of the maximum allowable statutory damages in the amount of $150,000.00 for each violation;

4. Award to Hyowon of actual and/or statutory damages for Defendants' copyright infringement in excess of $10,000,000 or an amount to be determined at trial;

5. Award to Hyowon its costs, reasonable attorneys' fees, and disbursements in this action, pursuant to 17 U.S.C. § 505; and

6. Awarding Hyowon such other and further relief as is just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: November 11, 2013          East West Law Group

                                  By: _____
                                  HeeDong Chae
                                  Chong Roh
                                  Attorneys for Plaintiff
                                  Hyowon Electronics, Inc.